[No. 3210.]

## HORACE TREADWELL *v.* THE STATE.

BURGLARY—INDICTMENT for burglary, to be sufficient, must describe, with all of its statutory ingredients, the felony or theft intended to be committed.   In charging the entry with intent to take the property therein being, the indictment in this case was insufficient, because it failed to charge that such intended theft was " without the consent of the owner," an element of theft necessary to be alleged and proved in order to support a conviction.

APPEAL from the District Court of San Jacinto.   Tried below before the Hon. E. Hobby.

The conviction in this case was for the burglary of the house of A. R. Day, with the intent to commit theft, and the penalty imposed was a term of two years in the penitentiary.

In connection with other questions raised on appeal, besides the validity of the indictment, this court, at a previous day of the term, considered the sufficiency of the evidence to support the conviction. The judgment was affirmed without a written opinion. The opinion which follows was rendered on a motion for rehearing.

*Walton, Hill & Walton,* for the motion.

*J. H. Burts,* Assistant Attorney General, *contra.*

WILLSON, JUDGE. In affirming the judgment in this case we overlooked a fatal defect in the indictment. It fails to allege that the entry of the house was with the intent to take the property therein being *without the consent of the owner of said property.* In other words, in charging the intended theft, the essential allegation "without the consent of the owner" is omitted.

It is well settled that in an indictment for burglary "the particular felony or theft intended to be committed must be described with all its statutory ingredients." (*Webster* v. *The State,* 9 Texas Ct. App., 75; *Rodrigues* v. *The State,* 12 Texas Ct. App., 552; *Reed* v. *The State,* 14 Texas Ct. App., 662.) One of the statutory ingredients of theft is that the property must be taken "without the consent" of the owner thereof, and this want of consent must be alleged and proved in order to sustain a conviction for the offense. (Penal Code, Art. 724; *Williams* v. *The State,* 12 Texas Ct. App., 394.)

Because of this fatal defect in the indictment, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of conviction is reversed and the prosecution is dismissed.

*Ordered accordingly.*

Opinion delivered June 27, 1884.